IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK KNIGHT,  )
  )
    Plaintiff,  )
  )
  v.  ) Civil Action No. 16-1816
  )
CAROLYN COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
  )
    Defendant.  )

O R D E R

AND NOW, this 20th day of March, 2018, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff's primary argument is that the Administrative Law Judge ("ALJ") erred in finding that he could perform his past relevant work as a greeter at Step Four of the sequential

1

process. Plaintiff first claims that the ALJ failed to resolve the conflict between the testimony of the vocational expert ("VE") that he could perform this job as it is actually and ordinarily performed and the requirements of this position pursuant to the Dictionary of Occupational Titles ("DOT"), which he alleges were incompatible with the limitations to occasional handling and reaching with his left hand contained in his residual functional capacity ("RFC"). The Court disagrees and finds that the ALJ properly relied on the testimony of the VE in finding that Plaintiff could perform his past relevant work at Step Four.

The position under the DOT found by the ALJ and VE to be the closest to Plaintiff's past relevant work as a greeter was identified as a host/hostess position, with a DOT number of 352.667-101. Under DOT 352.667-101, this position of host/hostess requires "frequent" handling and reaching. "Frequent" in this context generally means occurring between one third and two thirds of the day, while "occasional" means occurring very little up to one third of the day. See SSR 83-10, 1983 WL 31251 (S.S.A.), at **5-6. Plaintiff contends, therefore, that his limitation to only the occasional ability to handle and reach with his left hand is inconsistent with the DOT's requirements for the job. While acknowledging that the ALJ did, in fact, attempt to resolve this conflict at the hearing, Plaintiff asserts that his attempt was inadequate. The Court finds, however, that to the extent that there was a conflict between the VE's testimony and the DOT, it was more than adequately resolved.

Social Security Ruling 00-4p, 2000 WL 1898704 (S.S.A.) provides that a VE's testimony and evidence regarding occupational information should be consistent with the occupational information contained in the DOT. It states that when there is an apparent unresolved conflict between VE testimony and the DOT, the ALJ is required to elicit a reasonable explanation for the conflict before relying on the VE's evidence. If the ALJ finds the VE's explanation for the conflict to be reasonable and provides a basis for doing so, the ALJ can rely on the VE's testimony. See id. at **2-4. The first question here, then, is whether there was a conflict between the VE's testimony and the DOT.

The VE testified that, if able to use his left hand as a "helper hand," Plaintiff could perform his past relevant work. (R. 86). He explained that the DOT is silent as to whether the upper extremity dexterity requirements for the position are necessarily bimanual in nature, but opined, based on 45 years of experience and observations, that the job could be performed if the secondary hand could perform manual functions such as handling and reaching only occasionally, as long as the dominant hand could do so frequently. (R. 86-87). Some courts have held there to be no conflict in such circumstances, where the DOT indicates that a position requires frequent upper extremity activities such as handling and reaching, and the VE testifies that this could be done with one hand, with occasional help from the other, more limited hand. See Diehl v. Barnhart, 357 F. Supp. 2d 804, 822 (E.D. Pa. 2005); Brown v. Colvin, No. 15-323, 2016 WL 6821877, at *2 (Nov. 17, 2016). Accordingly, it is unclear that there even is a conflict between the VE's testimony and the DOT in regard to the need for bimanual dexterity.

Regardless, even assuming that the DOT requires frequent handling and reaching with both hands, and there is a conflict between the DOT and the VE's testimony, the conflict was more than adequately resolved. As discussed above, the VE particularly stated that regardless of

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

s/ Alan N. Bloch<br>
United States District Judge

ecf:　　　　Counsel of record

---

the DOT's silence as to the need for bimanual dexterity, his experience and observations led him to conclude that occasional use of a helper hand would be sufficient. The ALJ very specifically confirmed that all operations with Plaintiff's left hand would be limited to occasional use. With this understanding, the VE testified that Plaintiff could perform his past work and explained the basis for his opinion. (R. 86-87). The ALJ's reliance on this evidence was reasonable, especially in light of the fact that the DOT provides the maximum requirements for occupations as generally performed, not the requirements for a specific job in a specific setting. A VE can provide more specific information about a specific job, which is precisely what happened here. See SSR 00-4p, at *3.

　　　　Plaintiff further argues that DOT 352.667-010 no longer accurately reflects the duties of a Wal-Mart greeter. He argues, based on media reports, that the position has evolved and now requires more walking and standing. However, none of this was part of the record before the ALJ. The VE offered expert testimony as to how the position of greeter is actually and ordinarily performed, and the ALJ was entitled to rely on this evidence in conducting his Step Four analysis. See 20 C.F.R. § 404.1560(b)(2); Shears v. Barnhart, No. 05-3713, 2006 WL 1641635, at *2 (E.D. Pa. June 9, 2006) (finding that the claimant's failure to challenge the VE's testimony at the hearing left such uncontradicted testimony as the only evidence upon which the ALJ could rely). Accordingly, there is no basis for now questioning the VE's uncontradicted expert testimony as to the requirements of the greeter position.